1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10   JOAN JUDGE,                      )   Case No. CV 09-4743-PJW
                                      )
11           Plaintiff,               )
                                      )   MEMORANDUM OPINION AND ORDER
12       v.                           )
                                      )
13   MICHAEL J. ASTRUE,               )
     Commissioner of the             )
14   Social Security Administration, )
                                      )
15           Defendant.               )
     _____)

16

17                          I. INTRODUCTION

18       Before the Court is Plaintiff's appeal of a decision by Defendant

19   Social Security Administration ("the Agency"), denying her application

20   for Disability Insurance benefits ("DIB").  Plaintiff claims that the

21   Administrative Law Judge ("ALJ") erred when he concluded that she had

22   the residual functional capacity to work, despite the fact that she

23   suffered from depression and anxiety.  (Joint Stip. at 3-5.)  For the

24   following reasons, the Agency's decision is affirmed.

25                    II. SUMMARY OF FACTS AND PROCEEDINGS

26       Plaintiff was a psychiatric technician at a state mental hospital

27   in December 1995 when she witnessed a psychotic patient strangle and

28   attempt to kill a co-worker.  (Administrative Record ("AR") 202.)  The

1    worker survived only because Plaintiff and another patient intervened
2    and saved the worker's life.  (AR 202.)  This incident caused
3    considerable trauma for Plaintiff and she was forced to stop working.
4    In 1997, the state determined that she was entitled to state
5    disability retirement as a result.  (AR 214-15.)

6        In 2004, Plaintiff applied for DIB, alleging that she had been
7    unable to work since December 1995, due to post-traumatic stress.  (AR
8    28, 132-33.)  In 2005, the Agency denied the application initially and
9    on reconsideration.  (AR 27, 28.)  Plaintiff then requested a hearing
10   before an ALJ.  (AR 40.)  The Agency lost Plaintiff's file, resulting
11   in a long delay of her hearing.  Eventually, Plaintiff appeared with
12   counsel and testified at the hearing on November 25, 2008.  (AR 235-
13   50.)  On December 30, 2008, the ALJ issued a decision denying
14   benefits.  (AR 10-19.)  The ALJ concluded that, though Plaintiff could
15   not perform her past work as a psychiatric technician due to post-
16   traumatic stress triggered by that environment, she was capable of
17   performing other jobs.  (AR 16, 18-19.)  Plaintiff appealed to the
18   Appeals Council, which denied review.  (AR 3-8.)  She then commenced
19   the instant action.

                              III. DISCUSSION

21       Plaintiff contends that the ALJ erred when he concluded that she
22   had the residual functional capacity to perform work.  She argues that
23   this finding was inconsistent with the opinion of an examining
24   psychiatrist, Khang Nguyen, who found that Plaintiff was too impaired
25   to work.  (Joint Stip. at 3-5.)  For the reasons set forth below, the
26   Court concludes that the ALJ did not err.

27       ALJs are tasked with resolving conflicts and ambiguities in the
28   medical record.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.

                                    2

1995).  They are often confronted with contradictory medical opinions from different doctors and must determine which to accept and which to reject.  In doing so, they are required to provide proper reasons for accepting one doctor's opinion over another's.  In order to reject an examining doctor's opinion that, as here, is contradicted by another doctor's opinion, an ALJ need only provide specific and legitimate reasons for doing so.  *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995); *Andrews,* 53 F.3d at 1041-42.  "Where medical reports are inconclusive, questions of credibility and resolution of conflicts in the testimony are functions solely of the [ALJ]."  *Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 601 (9th Cir. 1999) (internal quotation marks omitted).

Plaintiff was referred to psychiatrist Nguyen in connection with her claim for DIB.  On September 14, 2007, she met with Dr. Nguyen, who interviewed her and conducted a complete psychiatric evaluation.  (AR 173-79.)  Dr. Nguyen found Plaintiff "highly anxious, distraught, jittery and tremulous, and [] sweating profusely."  (AR 175.)  He concluded that Plaintiff was suffering from chronic, post-traumatic stress disorder and, as a result, was not able to "perform her work-related duties and adapt to commonplace stressors of a work environment, from a psychiatric standpoint."  (AR 175.)  He opined that Plaintiff's condition was severe and would last for more than 12 months.  (AR 175.)

The ALJ discounted these findings, explaining:

I do not accept the assessment offered by Dr. Nguyen because it is inconsistent with the claimant's presentation to her treating doctor in 1997; inconsistent with her presentation to Dr. McGee in September 2008, only 9 months after seeing

3

1    Dr. Nguyen; inconsistent with her admitted activities of
2    daily living, including her short-term work assignments as a
3    movie extra and coin show worker, activities that require
4    social contact with others and belie the claimant's
5    allegation that she avoids everything; and inconsistent with
6    the lack of ongoing mental health care for over 10 years,
7    despite the access provided by her Workers' Compensation
8    claim.
9    (AR 15.)
10       Plaintiff interprets the first part of the above quoted language
11   to mean that the ALJ rejected Dr. Nguyen's opinion because it was
12   inconsistent with Dr. Bassett's and Dr. McGee's opinions.  (Joint
13   Stip. at 4.)  She claims that this was error because Dr. Nguyen's
14   opinion was, in fact, consistent with Dr. Bassett's and because Dr.
15   McGee's opinion was not supported by the record.  (Joint Stip. at 5.)
16       The Court does not interpret the ALJ's language as Plaintiff has.
17   It is not entirely clear what the ALJ meant when he stated that he was
18   rejecting Dr. Nguyen's "assessment" because "it [was] inconsistent
19   with the claimant's presentation to [Dr. Bassett] in 1997."  (AR 15.)
20   It is not obvious to the Court how an "assessment" by one doctor can
21   be inconsistent with a patient's "presentation" to another.  The Court
22   assumes that the ALJ was focusing on the fact that Plaintiff presented
23   herself as being significantly more impaired to Dr. Nguyen in 2007,
24   almost 12 years after the incident that caused her trauma, than she
25   did to Dr. Bassett in January 1997, 13 months after it happened.
26   Reading between the lines, the Court believes that the ALJ was
27   discounting Dr. Nguyen's report because it was based on Plaintiff's
28   feigned or exaggerated symptoms when she went to see him.

4

1    Assuming that that was the reason the ALJ rejected Dr. Nguyen's

2  opinion, it is a legally valid reason.  *See Sandgathe v. Chater*, 108

3  F.3d 978, 980 (9th Cir. 1997) (affirming ALJ's rejection of treating

4  physician's opinion based on claimant's self-reports, which ALJ found

5  were not credible); and *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir.

6  1989) (holding doctor's opinion of disability "premised to a large

7  extent upon the claimant's own accounts of his symptoms and

8  limitations," may be disregarded where those complaints have been

9  "properly discounted.").  Further, it is supported by the facts.

10  Plaintiff exhibited symptoms before Dr. Nguyen that she had never

11  exhibited before, symptoms that were way out of line with the symptoms

12  she reported to Dr. Bassett years earlier.  Moreover, the ALJ found

13  that Plaintiff was not credible (AR 17), a finding that Plaintiff has

14  not challenged here.

15    This same analysis applies to the ALJ's finding that Dr. Nguyen's

16  opinion was suspect because Plaintiff did not manifest the same

17  symptoms when she went to see Dr. McGee, nine months after seeing Dr.

18  Nguyen.  Assuming that the ALJ was discounting Dr. Nguyen's opinion

19  because it was based on Plaintiff's exaggerated claims, the ALJ did

20  not err here, either.

21    Even were the Court to accept Plaintiff's interpretation of the

22  ALJ's language and conclude that he was discounting Dr. Nguyen's

23  opinion because it was inconsistent with Dr. Bassett's and Dr.

24  McGee's, the Court would still affirm the ALJ's decision.  The record

25  discloses that Dr. Bassett conducted a mental status exam during

26  Plaintiff's last visit in January 1997.  (AR 193-94.)  Though

27  Plaintiff expressed some anxiety about the possibility of going back

28  to work at the state mental hospital, she exhibited no signs of

psychological distress, i.e., she did not sweat or shake and was not distraught.  (AR 193-94.)  According to Dr. Bassett, overall, Plaintiff was only "slightly," i.e., noticeably, impaired at that time.  (AR 198-200.)  Dr. Bassett, Plaintiff's treating psychiatrist at the time, determined that Plaintiff was capable of returning to work as a psychiatric technician at another facility.  (AR 196.) Thus, the ALJ's decision to reject examining psychiatrist Nguyen's opinion because it was inconsistent with treating psychiatrist's Bassett's opinion is clearly supported by this record.

     Plaintiff argues that the ALJ erred by relying on Dr. Bassett's conclusion that Plaintiff could work, arguing that this is a "vocational" opinion relegated to vocational experts, not doctors. Casting aside Dr. Bassett's opinion that Plaintiff could work, the sum and substance of her medical opinion was that Plaintiff was not severely impaired.  The ALJ rightly relied on this in reaching his decision that Plaintiff could work.

     Plaintiff's claim that Dr. Bassett's and Dr. Nguyen's opinions were not inconsistent is contrary to the evidence.  Nguyen concluded that Plaintiff was severely impaired.  (AR 175.)  Bassett concluded that Plaintiff was slightly impaired.  (AR 200.)  These opinions are inconsistent.

     As to Plaintiff's argument that Dr. McGee's opinion was inconsistent with the evidence, the Court disagrees.  The evidence considered as a whole establishes that Plaintiff was not impaired, as Dr. McGee found.

     The ALJ also relied on the fact that Plaintiff's representation to Dr. Nguyen that she avoids everything was inconsistent with her reported activities, which included working outside the home on

occasion, grocery shopping, going to the park, etc.  (AR 15.)  This is a legally valid reason to question her claims.  *See Light v. Comm'r Soc. Sec.* Admin., 119 F.3d 789, 792 (9th Cir. 1997) (holding ALJ may rely on inconsistencies between claimant's testimony and conduct to question claims of impairment).  It is also supported by the record. (AR 221.)

The ALJ's fourth reason for discounting Dr. Nguyen's opinion was that it was inconsistent with the fact that Plaintiff had not undergone any treatment during the 10 years preceding the examination by Dr. Nguyen.  (AR 15.)  This is also a valid reason to question her claims, *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1464 (9th Cir. 1995) (holding ALJ can question claims of disabling impairment where claimant has not sought out treatment), and is supported by the record.

Plaintiff argues that it was unfair for the ALJ to rely on the fact that she had not sought treatment because she suffered from psychiatric impairment which may have prevented her from understanding that she needed help and figuring out how to get it.  (Joint Stip. at 5.)  The Court disagrees.  Though, as a general proposition, the Agency should not place too much emphasis on the fact that a claimant with a severe psychiatric impairment failed to get treatment, *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996), Plaintiff's case is different.  Plaintiff underwent bi-weekly therapy from 1995 to 1997 to address the trauma she suffered as a result of witnessing the incident in December 1995.  Thus, she understood that she could access therapy if she needed it and knew where to go to get it.  Her failure to get treatment after 1997 seems more a function of the fact that she did

not need it, as opposed to her inability to comprehend that she needed it.  Thus, the ALJ did not err here, either.

In the end, the Court finds that, like in so many social security cases, the ALJ was presented with conflicting medical opinions.  One doctor opined that Plaintiff was severely impaired, two others opined that she was not.  The ALJ chose to accept the opinions of the two doctors who had concluded that Plaintiff was not severely impaired, and the Court cannot say that the ALJ erred in doing so.  In making his decision, the ALJ properly considered the record, summarized the facts and conflicting evidence in a detailed and thorough manner, stated his interpretation, and made findings.  (AR 14-16.)  His conclusion, therefore, is entitled to deference.  *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (noting, "[w]here evidence is susceptible to more than one rational interpretation," ALJ's conclusion will be upheld.).

## IV. CONCLUSION

For the foregoing reasons, the Agency's decision is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: <u>August 16, 2010</u>.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\JUDGE\Memo_Opinion.wpd

8